IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROSE L.,[1]   6:19-cv-00867-BR

      Plaintiff,   OPINION AND ORDER

v.

Commissioner, Social
Security Administration,

      Defendant.

**JOHN E. HAAPALA, JR.**
401 E. 10th Avenue
Suite 240
Eugene, OR 97401
(541) 345-8474

**BRENT WELLS**
Harder Wells Baron & Manning
474 Willamette Street
Eugene, OR 97401
(541) 686-1969

      Attorneys for Plaintiff

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1021

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3621

    Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Rose L. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on October 7, 2015,

alleging a disability onset date of January 1, 2015.  Tr. 154.[1]
The application was denied initially and on reconsideration.  An
Administrative Law Judge (ALJ) held a hearing on April 4, 2018.
Tr. 34-53.  Plaintiff was represented at the hearing.  Plaintiff
and a vocational expert (VE) testified.

   The ALJ issued a decision on July 3, 2018, in which she
found Plaintiff was not disabled before her June 30, 2017, date
last insured and, therefore, is not entitled to benefits.
Tr. 15-28.  Pursuant to 20 C.F.R. § 404.984(d), that decision
became the final decision of the Commissioner on April 5, 2019,
when the Appeals Council denied Plaintiff's request for review.
Tr. 1-6.  See Sims v. Apfel, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

   Plaintiff was born on January 26, 1963, and was 55 years old
at the time of the hearing.  Tr. 154.  Plaintiff has a college
education.  Tr. 172.  Plaintiff has past relevant work experience
as a resource teacher and a teacher of emotionally-impaired
individuals.  Tr. 49.

   Plaintiff alleges disability during the relevant period due
to depression, anxiety, stress, microscopic colitis,
hypertension, "low back pain potentially associated with

---

[1] Citations to the official transcript of record filed by
the Commissioner on November 19, 2019, are referred to as "Tr."

radiculopathy," "poor vision," and retinal detachment.  Tr. 71.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 22-25.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the

meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R.

§ 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff did not engage in substantial gainful activity from her January 1, 2015, alleged onset date through her June 30, 2017, date last insured. Tr. 17.

At Step Two the ALJ found Plaintiff had the severe impairments of bilateral hip degenerative joint disease, degenerative disc disease of the lumbar spine, pelvic osteoarthritis, post-traumatic stress disorder (PTSD), adjustment disorder, generalized anxiety disorder, and panic disorder. Tr. 17. The ALJ found Plaintiff's impairments of hypertension, obesity, and colitis were not severe during the relevant period. Tr. 17-18.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments during the relevant period did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 18. The ALJ found during the relevant period that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] could lift and/or carry 20 pounds occasionally and 10 pounds frequently. She could stand and/or walk for a total of about 6 hours and sit for a total of about 6 hours with normal breaks. She was limited to no more than occasional climbing of ramps and stairs and no climbing of ladders, ropes, and scaffolds. She was limited to no more than occasional balancing, stooping, kneeling, crouching, and crawling. She needed to avoid all exposure to workplace hazards.

8 - OPINION AND ORDER

>           She was limited to understanding and carrying out
>           simple instructions. She was limited to no more
>           than occasional contact with the general public,
>           coworkers, and supervisors.

Tr. 20.

At Step Four the ALJ found Plaintiff could not perform her past relevant work during the relevant period. Tr. 26.

At Step Five the ALJ found Plaintiff could perform other work that existed in the national economy during the relevant period. Tr. 27. Accordingly, the ALJ concluded Plaintiff was not disabled from her January 1, 2015, alleged onset date through her June 30, 2017, date last insured. Tr. 27.

## **DISCUSSION**

Plaintiff contends the ALJ erred when she (1) failed to include Plaintiff's limitations "related to concentration" in her assessment of Plaintiff's RFC and (2) partially rejected the opinion of Michael Bachop, Ph.D., treating psychologist.

**I. The ALJ did not err when she limited Plaintiff to carrying out simple instructions in her assessment of Plaintiff's RFC.**

Plaintiff contends the ALJ erred when she failed to include Plaintiff's limitations "related to concentration" in her assessment of Plaintiff's RFC. Specifically, the ALJ found Plaintiff was "moderately limited" in her ability to understand, to remember, and to apply information; to interact with others; and to concentrate, to persist, and to maintain pace. In her

assessment of Plaintiff's RFC the ALJ limited Plaintiff "to understanding and carrying out simple instructions."  Tr. 20.  According to Plaintiff, a limitation to understanding and carrying out simple instructions does not adequately "reflect moderate limitations in concentration, persistence, or pace."  Pl.'s Br. at 10.  Plaintiff relies on *Brink v. Commissioner of Social Security Administration*, 343 F. App'x 211, 212 (9th Cir. 2009), to support her position.  Unlike the circumstances in *Brink*, however, here Dr. Bachop, Plaintiff's treating psychologist, found even though Plaintiff was moderately limited in her ability to understand and to remember detailed instructions and markedly limited in her ability to maintain attention and concentration for extended periods, Plaintiff was "not significantly limited" during the relevant period in her ability to understand and to remember short and simple instructions, to make simple work-related decisions, or to ask simple questions or to request assistance.  In addition, Arthur Lewy, Ph.D., nonexamining psychologist, found even though Plaintiff was moderately limited in her ability to maintain concentration, persistence, and pace during the relevant period, "[t]here is no indication of gross cognitive problems . . . [and] it is concluded that [Plaintiff] can manage work involving basic tasks."  Tr. 62.  Ben Kessler, Psy.D., examining psychologist, found Plaintiff was "capable of carrying out basic instructions,

10 - OPINION AND ORDER

maintain [concentration, persistence, and pace] up to two hours continuously, maintain adequate attendance and complete a [normal] workday/workweek within [normal] tolerances" during the relevant period.  Tr. 84.

On this record the Court finds the ALJ did not err in her assessment of Plaintiff's limitations related to concentration, persistence, or pace because the ALJ's assessment was consistent with Plaintiff's limitations identified in the medical record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)(RFC of "simple, routine, repetitive" work is consistent with doctor's opinion that claimant can carry out "very short simple instructions," "maintain attention and concentration for extended periods," and "sustain an ordinary routine without special supervision.").  *See also Kessler v. Berryhill*, No. C16-1164- BHS-JPD, 2017 WL 1491142, at *7 (W.D. Wash. Apr. 6, 2017), report and recommendation adopted, No. C16-1164BHS, 2017 WL 1483455 (W.D. Wash. Apr. 25, 2017)(same).

Thus, the Court concludes on this record that the ALJ not err when she limited Plaintiff to carrying out simple instructions in her assessment of Plaintiff's RFC.

**II. The ALJ did not err when she partially rejected Dr. Bachop's opinion.**

Plaintiff asserts the ALJ erred when she partially rejected the July 2016 opinion of Dr. Bachop, treating psychologist.

An ALJ may reject a treating physician's opinion when it is

11 - OPINION AND ORDER

inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002).  When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996).

On July 8, 2016, Dr. Bachop completed a Mental Residual Functional Capacity Assessment in which he found Plaintiff was markedly limited in her ability to remember "work-like procedures," to understand and to remember detailed instructions, to maintain concentration "for extended periods," to sustain an ordinary routine without special supervision, to work in coordination with or proximity to others without being distracted by them, to complete a normal workday and workweek "without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," to accept instructions, "to respond appropriately" to criticism from supervisors, to get along with coworkers without distracting them "or exhibiting behavioral extremes," to maintain socially appropriate behavior, and to travel to unfamiliar places or to use public transportation.  Tr. 558-59.

Dr. Bachop also found Plaintiff was moderately limited in her ability to understand, to remember, and to carry out detailed instructions; to interact appropriately with the general public; to respond appropriately to changes in the work setting; and to set realistic goals or to make plans independently of others. Tr. 558-59. Finally, Dr. Bachop found Plaintiff was not significantly limited in her ability to understand, to remember, and to carry out short and simple instructions; to make simple work-related decisions; to ask simple questions or to request assistance; and to be aware of normal hazards and to take appropriate precautions.

The ALJ partially rejected Dr. Bachop's opinion on the grounds that it was unsupported by his treatment notes during the relevant period and contradicted by Plaintiff's activities of daily living. Specifically, the record reflects during the relevant period Plaintiff maintained her personal care, prepared meals, performed household chores and maintenance, maintained her yard, drove, shopped, and managed her finances. Tr. 212-19, 307, 391, 547, 702, 736, 754, 762-63, 765, 805, 863, 866. During the relevant period Plaintiff also helped with catering events, chased chickens, pressure-washed her driveway, attended classes at the YMCA, remodeled her home, and described herself as "very active." Tr. 429, 746-47, 852, 864, 872. In September 2016 Plaintiff informed her physical therapist that she had "been able

to resume all usual activities at home, which is fairly physical, at home." Tr. 747. In addition, Plaintiff served as the primary caregiver for her husband, who had Alzheimer's. Tr. 428. During the relevant period Plaintiff also spent her time watching television, reading, gardening, socializing with others, and walking. Tr. 284, 598, 750, 766, 788. The ALJ noted Plaintiff engaged in fairly regular mental-health counseling with Dr. Bachop, and at times she presented as tearful, angry, and agitated when she discussed her past trauma and difficult family relationships. Tr. 25, 253-62, 328-31, 587-90. Although she presented with "intense emotional responses and distress" and reported she was exhausted and overwhelmed by stressors, the record reflects Plaintiff stopped taking anti-depressant and anti-anxiety medications in January 2016 and chose to manage her symptoms with marijuana and natural supplements. Tr. 585. The ALJ also noted the record reflects Plaintiff was able to remain focused for the duration of her 30-minute therapy sessions. Tr. 25, 724-36, 771.

On this record the Court concludes the ALJ did not err when she partially rejected Dr. Bachop's opinion because the ALJ provided clear and convincing reasons for doing so based on substantial evidence in the record.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 22nd day of June, 2020.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge